UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LEE GRAY, | : | CIVIL ACTION NO. 3:CV-09-0032 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| GENE FISCHI, et al., | : | FILED SCRANTON |
| Defendants | : | MAR 29 2012 |
| | | MARY E. D'ANDREA, CLERK Per_____ DEPUTY CLERK |

**MEMORANDUM**

**Background**

Plaintiff, Anthony Lee Gray, an inmate formerly confined in the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania[1], filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges "arbitrary embezzlement and confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and denial of Administrative Due Process in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution." (Doc. 8, Amended Complaint). The named Defendants are the following ten employees of the Luzerne County Correctional Facility: Warden Gene Fischi; Hearing Examiner John J. Smith; Correctional Officers Eric Messersmith, Ryan Flynn, William Wilk, Eugene Witch, George Wolfe, John Ameen, Jason Keber; and nurse Karen Balucha. Id.

By Memorandum and Order dated September 13, 2011, Defendants' motion for summary judgment was granted with respect to the due process afforded Plaintiff during his misconduct hearing, and because Plaintiff was afforded adequate pre-deprivation notice of the

---

[1] Plaintiff is currently housed in the Rockview State Correctional Institution, Bellefonte, Pennsylvania. See (Doc. 86, Notice of Change of Address).

misconduct fee pursuant to the Financial Responsibility Program. See (Doc. 85, Memorandum). However, Defendants' motion for summary judgment was denied with respect to whether Plaintiff was provided a meaningful post-deprivation remedy pursuant to Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000). Presently pending before the Court is Defendants' supplemental motion for summary judgment. (Doc. 87). For the reasons set forth below, Defendants' supplemental motion for summary judgment will be granted.

I. **Statement of Material Facts**

Plaintiff was moved to the Luzerne County Correctional Facility ("LCCF") from the State Correctional Institution, Dallas, ("SCI-Dallas"), Pennsylvania, after he was charged at SCI-Dallas with aggravated harassment by prisoner.[2] (Doc. 74, Statement of Material Facts at ¶ 2).

Upon entrance to the LCCF, inmates are given notice through the Innate Handbook, that the misconduct fee is part of the Financial Responsibility Program. See (Doc. 89-1, Ex. A, Inmate Handbook at p. 30). Pursuant to prison policy outlined in the Inmate Handbook, prisoners may challenge the deductions from their inmate accounts through the internal inmate grievance procedure.[3]

On March 7, 2008, Plaintiff was found guilty of misconduct, sanctioned to disciplinary confinement, and charged $5.00 for the misconduct fee. (Doc. 89-4, Ex. D, Statement of

---

[2] Plaintiff avers that he was a pretrial detainee at LCCF because of his transfer there to await trial on the separate incident that occurred at SC-Dallas. However, because Plaintiff was already serving a sentence when he was transferred to the Luzerne County Correctional Facility, he remained a convicted inmate, even though he had been transferred for trial. See Laza v. Reish, 84 F.3d 578, 580 (2d Cir. 1996).

[3] While there is no provision specifically permitting the filing of a grievance in regards to the misconduct fee, the handbook states that the institution does have a formal system for handling inmate grievances. (Doc. 98, p. 44).

Factfinder, and Inmate Account Summary).

On March 24, 2008, Plaintiff filed a grievance complaining that he had received $200.00 the previous week, and his commissary receipt reflects a balance of only $190.00. (Doc. 89-4, Ex. D, Inmate Grievance).

On March 26, 2008, Plaintiff's grievance was responded to, stating that "$5.00 was for a misconduct" and "$5.00 was for previous negative balance". Id. Plaintiff was also informed that "commissary would be sending 'him' a copy printout of [his] account." Id.

Plaintiff was subsequently found guilty of misconducts on May 20, 2008, May 27, 2008, and June 27, 2008. (Doc. 89-4, Ex. D, Statements of Factfinder). Plaintiff was sanctioned to disciplinary confinement, and assessed a $5.00 misconduct fee for each misconduct. (Id.; Inmate Account Summary).

Plaintiff acknowledges that hearings were held for each of the above misconducts. See (Doc. 8, Amended Complaint). Plaintiff received copies of each of the misconducts and the hearing examiner's findings. Id.

Plaintiff's inmate account reflects that $5.00 was deducted from his account for each misconduct he received. (Doc. 89-4, Ex. D, Inmate Account Summary).

On September 19, 2008, Plaintiff was found guilty, after a jury trial, of Aggravated Harassment by Prisoner and Harassment-course of conduct without a legitimate purpose, and was moved back to the State Correctional System. (Doc. 74, at ¶ 10).

Plaintiff acknowledges that LCCF has a procedure and practice that enables the prison to deduct five ($5.00) dollars from an inmate's account or put a lien on an inmate's account if the inmate is found guilty of a misconduct. (Doc. 74, at ¶ 3; Doc. 82, at ¶ 4).

Plaintiff believes this policy is "arbitrary embezzlement" and accuses Defendants of writing false reports and fabricating misconduct reports against Plaintiff. (Doc. 74, at ¶¶ 3, 5; Doc. 82, at ¶ 9).

On January 7, 2009, Plaintiff filed the instant action, in which he seeks compensatory and punitive damages, for Defendants' "false misconducts written on the Plaintiff"; "denial of due process in connection with the disciplinary hearings that were conducted or denied by the Hearing Examiner"; and "embezzling money from the Plaintiff by using the misconduct and hearing process." (Doc. 8, Amended Complaint).

## II. **Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, the movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[4] In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P.

---

[4]Rule 56 was revised by amendment effective December 1, 2010. The revisions are "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts." Rule 56 advisory committee notes. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Id. The post-2010 Amendment Rule 56 provisions will be applied in the matter sub judice, as the Supreme Court has directed that the 2010 Amendments are to be retroactively applied. See Order of the Supreme Court of the United States accompanying Letters from Chief Justice John G. Roberts, Jr., to Speaker of the House Nancy Pelosi and President of the Senate Joseph R. Biden, Jr. (Apr. 28, 2010).

56(c)(1)(A). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Colwell v. Rite-Aid Corp., 602 F.3d 495, 501 (3d Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

### III.   Discussion

In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp. 2d 361, 372 (M.D. Pa. 2001).

### Due Process

To establish a due process violation under the Fourteenth Amendment, a plaintiff must demonstrate that the defendants deprived him of either a property or liberty interest. Daniels v. Williams, 474 U.S. 327, 339 (1986). Property rights are basic civil rights and a deprivation of property without due process gives rise to a claim under section 1983. Lynch v. Household Fin. Corp., 405 U.S. 538, 552 (1972). Inmates have a protected property interest in the funds in their prison accounts. Reynolds v. Wagner, 128 F. 3d 166, 179 (3d Cir. 1997). Accordingly, "inmates are entitled to due process with respect to any deprivation of money [from their accounts]." Higgins v. Beyer, 293 F.3d 683, 693 (3d Cir. 2002) (citations omitted).

In Reynolds, the Third Circuit Court of Appeals upheld the constitutionality of a county prison policy, which assessed small co-payments for medical care. Reynolds, 128 F. 3d 166. The inmate handbook explained certain exceptions to the medical co-pay requirement. An inmate who disagreed with a fee assessment, could file a grievance on the matter. In finding no

violation of the Due Process Clause, the Court noted: "Moreover, this is not a situation in which the inmates are deprived of the benefits of their property and receive nothing in return; rather in exchange for the fees, the inmates receive the benefit of health care, the value of which undoubtedly exceeds the modest fee assessed." Id. at 180.

Similarly, in Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000), the plaintiff also challenged the adequacy of procedural safeguards in place when the prison only provided the opportunity for a post-deprivation hearing. In that case, the Third Circuit Court of Appeals stated that the procedures afforded by the prison satisfied the constitutional requirements of due process. Specifically, the Tillman court stated that,

> It is impractical to expect the prison to provide predeprivation proceedings under these circumstances.... The assessments and takings pursuant to the program involve routine matters of accounting, with a low risk of error. To the extent that mistakes such as erroneous assessments or incorrect takings might occur, they may be corrected through the prison's grievance program without any undue burden on a prisoners' rights. On the other hand, to require predeprivation proceedings for what are essentially ministerial matters would significantly increase transaction costs and essentially frustrate an important purpose of the program, which is to reduce the county's costs of incarcerating prisoners.

Id. at 422.

Prison grievance procedures constitute an adequate remedy for a prisoner to challenge deductions from his account. See, e.g., Scott v. Angelone, 1992 WL 354598, *4 (9th Cir. 1992) (unpublished disposition) (finding advanced notice of program's implementation and right to file grievance with respect to particular charges constitute adequate pre- and post-deprivation procedures sufficient to protect inmate's due process rights under inmate co-pay program); Reynolds v. Wagner, 936 F. Supp. 1216, 1228 (E.D. Pa. 1996) (same); Morales v. Beard, 2009

WL 2413425, 1 (W.D. Pa. 2009) (same); Robinson v. Fauver, 932 F. Supp. 639, 645 (D. N.J. 1996) (rejecting equal protection and due process challenges to New Jersey's inmate co-payment system); Johnson v. Dep't of Public Safety, 885 F.Supp. 817, 821 (D. Md. 1995) (rejecting due process challenge).

Here, Plaintiff was provided with two adequate post-deprivation remedies to challenge the $5.00 misconduct fee. Initially, Plaintiff had the remedy of challenging his misconduct, and the associated fee, at the misconduct hearing, and through subsequent appellate rights. Additionally, Plaintiff had the availability of a grievance procedure at LCCF. To the extent Plaintiff argues that "Defendants' claim that Plaintiff's grievances concerning his money were responded to falls short because they have provided but one grievance that was responded to that Plaintiff filed concerning his money," and Plaintiff claims that he filed "numerous grievances challenging the deductions from his account that were never responded to" and "Defendants have failed to address that fact," see (Doc. 92, brief in opposition), the record is devoid of any other evidence of grievances, challenging the $5.00 misconduct fee, that were filed by Plaintiff, and never responded to. Thus, Plaintiff's claim that he "filed numerous grievances" is based on conclusory assertions, unsupported by any evidence in the record.

The United States Court of Appeals for the Third Circuit has specified that at the summary judgment phase of the case, a claim fails as a matter of law if it is based only on the Plaintiff's unsupported allegations. See Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000) (holding that "[a]t summary judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial."); see also Diaz v. Palakovich, 2009 WL 811712, *5 (M.D. Pa. 2009)

(following Jones, 214 F.3d 402 and stating that "at the summary judgment stage, the conclusory allegations of the Complaint, without evidentiary support, may be disregarded"). Accordingly, Defendants are entitled to summary judgment as a matter of law.

    A separate Order will be issued.

Dated: March 29, 2012

                                                  **United States District Judge**